[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 7, 1992, the defendant filed a motion to modify his child support payments claiming there has been a substantial change of circumstances. The plaintiff has filed three motions for contempt, one on January 15, 1992 claiming that the defendant has not paid his $280.00 per week child support as ordered by Goldstein, J. and that he did not pay his one-half unreimbursed medical payment as ordered by the court. The second motion for contempt, filed on March 13, 1992 again claimed the failure to pay the full child support ordered and another motion on March 20, 1992 claimed the defendant failed to pay a lump sum property settlement of $30,000 as required by the divorce judgment.[1] Counsel fees were claimed by the plaintiff in each of the contempt motions.
Child Support
The defendant is in business partnership with his brother and owns 50% of Brannack Electric, Inc. He introduced evidence showing that the gross sales for the business have declined steadily for the past three years. Correspondently, his income has dropped from a high of $97,000 to last years low of $42,847. There was evidence to show that at its present pace the gross sales projected for the business this year would be $20,000 below last year's figures and that the defendant's income could be around $26,000 this year. Because of his lower income projections the defendant wishes to modify his child support payments.
In viewing the defendant's request two issues must be addressed. First, can a projected pattern of income for a business constitute a substantial change of circumstances? Even if the answer is yes, it cannot apply here. The evidence is too weak for this court to order pure modification. However, the evidence is sufficient for the court to order a lower payment from $280 to $156.00 per week. This order is based upon the defendant's present draw from the business. Although the amount of child support is being reduced the defendant will build up an arrearage of $124.00 per week. On or about March of 1993 the court will examine the 1120S and 1040 of the partnership and personal income of the defendant and make the proper adjustment based upon the actual income of the defendant.
Second, it should be noted that the defendant unilaterally reduced his support payments from the time he filed the motion on January 7, 1992. This court finds that the CT Page 5016 defendant had no authority to do so and finds that there is a present arrearage of $2,480[2] as of 23 May 1992. The court will order that the arrearage be paid at the rate of $62.00 per week until paid off in full.
Lastly, the plaintiff's motion for contempt and council fees will be denied.
NORKO, JUDGE